UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

DO HYEONG KWON,

Defendant.

23 Cr. 151 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Sentencing in this case is scheduled for Thursday, December 11, 2025. In its sentencing letter, the Government encouraged the Court to identify factual questions before sentencing, to enable the parties to make appropriate inquiries. *See* Dkt. 57 at 2 n.1. The Court has identified the questions below. The Court requests that the parties respond to these, if possible, by noon on Wednesday, December 10, 2025, by letter(s) filed on the docket of this case.

1. ***Prosecution in South Korea***: Does either party have any non-speculative insight as to the eventual disposition of the charges pending against Mr. Kwon in South Korea? Has an agreement or understanding of any kind been entered into between Mr. Kwon (or anyone on his behalf) and South Korean authorities? What are the maximum and minimum sentences that could be imposed in South Korea, assuming a prosecution of him goes forward there and results in a conviction? Could a sentence there be imposed either concurrently or consecutively to the one in this case?

2. ***Time served***: Do the parties agree that Mr. Kwon will not be given any credit by the Bureau of Prisons for the time he served in custody in Montenegro between March 23, 2023 and December 31, 2024 (*i.e.*, 21 months and 8 days)? Do the parties agree that the Court should treat 17 months and 8 days of that period of pre-extradition

custody—*i.e.*, all but the 4 months allocable to Mr. Kwon's sentence in Montenegro for the use of a false passport—as attributable to this prosecution? Does the Government's commitment in the plea agreement not to seek a sentence of more than 12 years' imprisonment in this case presuppose that none of Mr. Kwon's time in custody in Montenegro would count toward the sentence imposed here (*i.e.*, the 12-year sentence the Government recommends, if imposed, would be in addition to the time served in Montenegro)?

3. ***Department of Justice remission process***: The Court seeks clarification as to the mechanics of the remission process. In the event of competing claims by asserted victims to forfeited proceeds, by what means would it be determined who is to be compensated? Separately: If the Court agrees that the remission process, rather than restitution, is proper here, is any court order needed to initiate or inform that process?

4. ***First Step Act credits and supervised release***: Do the parties agree that Mr. Kwon will be ineligible for Earned Time Credits under the First Step Act? If so, concretely, how much of a difference in Mr. Kwon's prison time would arise from such ineligibility? Separately: Is there a purpose served by imposing a post-imprisonment term of supervised release, given (a) the potential prisoner-transfer abroad and, if not, (b) Mr. Kwon's likely removal from the United States?

5. ***U.S. Attorney's Office's support for a prisoner transfer application***: Does the United States Attorney's Office's promise to support a prisoner transfer application after Mr. Kwon has served half of the sentence imposed have any implications for the judgment in the case? (*E.g.*, is this a point on which the Court makes recommendations to the Bureau of Prisons, and if so, at what point?) Assuming a

transfer of Mr. Kwon to foreign custody to serve the back half of his sentence, what assurance would the United States have that he would not be released before the completion of the prison term imposed by this Court?

6. *Victims*: By what means has the Government given notice to the victims of Mr. Kwon's crimes? Have any victims expressed an interest in being heard at sentencing?

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: December 8, 2025
New York, New York