Kzz.br.12/24

[COAT OF ARMS OF MONTENEGRO]

IN THE NAME OF MONTENEGRO

The Supreme Court of Montenegro, in a panel composed of judges Seka Piletić as the presiding judge, Zoran Šćepanović, Dr. Vesna Vučković, Marijana Pavićević, and Ana Vuković as members of the panel, with the participation of independent clerk Darinka Kostić as the court stenographer, in the matter of the extradition of **KWON DO HYEONG**, deciding on the request for the protection of legality filed by the Supreme State Prosecution Service of Montenegro Ktz.br.15/24 of 2 August 2024, lodged against the final and enforceable decision of the Podgorica Higher Court Kv.No.632/24 of 28 June 2024 and the decision of the Appellate Court of Montenegro Kvz.No.477/24 of 30 July 2024, after the panel session held on 8 August 2024, and after secret deliberation and voting, by majority vote, on 19 September 2024, has rendered the following:

### JUDGEMENT

Adopting the request for the protection of legality submitted by the Supreme State Prosecution Service of Montenegro Ktz.No.15/24 of 2 August 2024, thereby the Decisions of the Podgorica Higher Court Kv.No.632/24 of 28 June 2024 and the Appellate Court of Montenegro Kvz.No.477/24 of 30 July 2024 shall be amended to read as follows:

It is hereby established that the legal requirements for the extradition of Kwon Do Hyeong, with personal details as stated in the operative part of the first-instance decision, to the requesting States have been met:

1. To the Republic of Korea, pursuant to the request of the Ministry of Justice of the Republic of Korea of 24 March 2023, for the purpose of conducting criminal proceedings under the criminal offense of violation of the Law on Financial Investment Services and Capital Markets (Fraudulent Unfair Trading) pursuant to Article 443 paragraph 2(1), Article 443 paragraph 1(8) and (9), Article 178 paragraphs 1 and 2 of the Law on Financial Investment Services and Capital Markets; the criminal offense of violation of the Law on the Aggravated Punishment of Specific Economic Crimes (Fraud), pursuant to Article 3 paragraph 1 of the Law on the Aggravated Punishment of Specific Commercial Crimes of the Republic of Korea and Article 317 paragraph 1 of the Criminal Code of the Republic of Korea; and the criminal offense of violation of the Law on Capital Markets and Financial Investments pursuant to Article 444 paragraph 1, Article 11, Article 444 paragraph 12, and Article 119 of the Law on Capital Markets and Financial Investments of the Republic of Korea (violation of public offering);



1

To the United States of America, pursuant to the request of the United States Department of State no. 182-88166 of 4 April 2023 and the request for arrest for extradition by the Embassy of the United States of America No. 047-23 of 25 March 2023, for the purpose of conducting criminal proceedings based on the Indictment of the United States District Court for the Southern District of New York No. 23 Krim 151 of 23 March 2023, for the following criminal offenses: Conspiracy to Commit Fraud in reference to (a) Contracts for the Sale of Goods, (b) the Purchase and Sale of Securities, and (c) the Transfer of Interstate Remittances, in violation of Title 18 of the United States Code, Section 371; the criminal offense of Fraud in reference to Contracts for the sale of goods and aiding and abetting, in violation of Title 7 of the United States Code, Sections 9(1) and 13(a)(5), Title 17 of the Code of Federal Regulations, Section 180.1, and Title 18 of the United States Code, Section 2; the criminal offense of Fraud in reference to the purchase and sale of securities, as well as aiding and abetting, in violation of Title 15 of the United States Code, Sections 78(b) and 78ff, Title 17 of the Code of Federal Regulations, Section 240.10b-5, and Title 18 of the United States Code, Section 2; the criminal offense of Wire Fraud and aiding and abetting, in violation of Title 18 of the United States Code, Sections 1343, 2, and 1; as well as the criminal offense of conspiracy to commit fraud in connection with (a) contracts for the sale of goods, (b) the purchase and sale of securities, (c) manipulation of securities prices, and (d) transfer of interstate remittances, in violation of Title 18 of the United States Code, Section 371.

The case files shall be submitted to the Minister of Justice of Montenegro for the decision regarding the authorization of extradition.

## REASONING

By the decision of the Podgorica Higher Court No. 632/24 of 28 June 2024, in Section I, the extradition of a citizen of the Republic of South Korea, the defendant Kwon Do Hyeong, with personal details as stated in the operative part of the decision, was permitted in summary proceedings, pursuant to the request of the Ministry of Justice of the Republic of Korea of 24 March 2023, to that state, for the purpose of conducting criminal proceedings for the criminal offenses listed in item 1 of the operative part of this judgment.

By the same decision, in paragraph II, the extradition in summary proceedings of the citizen of the Republic of South Korea, the defendant Kwon Do Hyeong, with personal details as stated in the operative part of that decision, was refused pursuant to the request of the United States Department of State No. 182-88166 of 4 April 2023 and the request for arrest for extradition from the Embassy of the United States of America No. 047-23 of 25 March 2023, to that state (the United States of America), for the purpose of conducting criminal proceedings based on the indictment of the United States District Court for the Southern District of New York No. 23 Crim

2

151 of 23 March 2023, for the criminal offenses listed in item 2 of the operative part of this judgment.

By the decision of the Appellate Court of Montenegro No. 477/24 of 30 July 2024, the Decision of the Podgorica Higher Court of 28 June 2024 was confirmed in paragraph II, in which part, pursuant to Article 19, paragraph 2 of the Law on International Legal Assistance in Criminal Matters, the Appellate Court acted ex officio, while in paragraph I, the decision became final as the authorized parties did not file any motions against it.

Against the decision of the Podgorica Higher Court No. 632/24 of 28 June 2024 and the decision of the Appellate Court of Montenegro No. 477/24 of 30 July 2024, the Supreme State Prosecution Service of Montenegro filed a request for the protection of legality No. 15/24 of 2 August 2024, on the grounds of violation of law, with a motion that, pursuant to Article 440(4) of the Criminal Procedure Code, the execution of the aforementioned decisions of the Podgorica Higher Court and the Appellate Court of Montenegro be stayed until a decision is rendered on the submitted request for the protection of legality, filed against these judicial decisions.

The request essentially states that the lower courts established that the statutory requirements for the extradition of the defendant Kwon Do Hyeong, pursuant to the requests of the competent authorities of the Republic of Korea and the USA, had been met, and that the defendant had consented to his extradition in the simplified procedure, both to the competent judicial authorities of the Republic of Korea and the competent judicial authorities of the USA. Furthermore, it was emphasized that these decisions violated the Law on International Legal Assistance in Criminal Matters, which violation consists in the fact that extradition proceedings in a simplified procedure, i.e. extradition in summary proceedings, may be applied only in those extradition cases where a single request for extradition has been submitted by one state. In all other situations, which imply that two or more requests for extradition have been submitted by two or more foreign states, the institute of simplified extradition cannot be applied; rather, the regular extradition procedure is applied, whereby the court decides on each request for extradition as to whether the legal requirements for extradition are fulfilled, after which the Minister of Justice, taking into account Article 17 of the European Convention on Extradition, Articles 26 in reference to 21 and 22 of the Law on International Legal Assistance in Criminal Matters, and the possible existence of a bilateral treaty, decides on the authorization of extradition. The request emphasizes that, in the specific case, the court of first instance correctly established that the statutory requirements for extradition pursuant to the requests of both requesting states had been met, which was confirmed by the Appellate Court of Montenegro, but by proceeding to decide on the authorization of extradition—a matter that lies exclusively within the competence of the Minister responsible for justice—the court overstepped the powers conferred upon it by the Law on International Legal Assistance in Criminal Matters and assumed powers which, under Article 21 of the above Law, belong to the Minister of Justice, i.e. to the administrative procedure conducted before the Minister. It was pointed out that consent for extradition in summary proceedings cannot be granted to two states, nor, in the event of multiple extradition requests, can the defendant be allowed to choose to which state he is to be extradited. In this respect, the prosecutor referred to

case law—the decisions of the Supreme Court of Montenegro and the Supreme Court of the Republic of Croatia, which judgments were annexed to the submitted request—indicating the standard prescribed by the Law on Judicial Cooperation in Criminal Matters with Member States of the European Union. It was proposed that the Supreme Court of Montenegro, without engaging in issuing a decision on extradition itself, modify the final decisions of the aforementioned lower courts, establishing that the conditions for extradition to the requesting States—the Republic of Korea and the United States of America—have been met, as well as, pursuant to Article 440 paragraph 4 of the Criminal Procedure Code, stay the execution of the decisions of the Podgorica Higher Court No. 632/24 and the Appellate Court of Montenegro Kvž. No. 477/24 until the Supreme Court renders a decision on the submitted request for the protection of legality, as proposed by the acting prosecutor in the urgency motion of 6 August 2024, in which it was stated that, should Kwon Do Hyeong be extradited to the Republic of Korea on the basis of unlawful final court decisions, such action would result in the Supreme Court of Montenegro, in the event it subsequently rendered a decision after the extradition, being unable to timely remedy the unlawfulness or harmful consequences stemming from the enforcement of the contested decisions challenged by the request in question.

The session of the panel was held in the presence of the state prosecutor from the Supreme State Prosecution Service, who stated that he fully stays with the previously submitted request for the protection of legality and the proposals already presented, with the additional proposal that the Supreme Court of Montenegro render a decision overturning the decisions of the Podgorica Higher Court and the Appellate Court of Montenegro.

When deciding on the proposal of the Supreme State Prosecution of Montenegro to postpone the enforcement of the aforementioned decisions of the lower courts, this court, pursuant to Article 440, paragraph 4 of the Criminal Procedure Code, and considering the content of the request for the protection of legality, issued decision Kzz.No. 12/24 of 8 August 2024, by which the enforcement of the decision of the Podgorica Higher Court was postponed, namely Kv.No. 632/24 of 28 June 2024, and the Appellate Court of Montenegro, Vz.No. 477/24 of 30 July 2024. The Ministry of Justice of Montenegro was immediately notified of this decision and was obliged to inform the requesting states thereunder.

After the request for the protection of legality by the Supreme State Prosecution Service of Montenegro was delivered to Kwon Do Hyeong and his defense attorneys, thereby, in accordance with Article 440 paragraph 2 of the Criminal Procedure Code, informing them of the filed request and giving them the opportunity to present their arguments in the proceedings, the authorized attorneys submitted a statement to this court on 7 August 2024, titled as a response to the request, in which they contest the allegations made in the submitted request. This statement was included in the case file.

After evaluating the grounds of the request for the protection of legality, the contents of the case file of the Higher Court in Podgorica, case no. Kv.No.632/24 and Pom I No.34/23, as well as the Court of Appeal of Montenegro, case no. Kvz.No.477/24, and the related case files, the Supreme Court of Montenegro determined the following:

4



The request is well-founded.

It is rightly pointed out in the request for the protection of legality that, when rendering the contested decisions, the lower courts failed to properly apply the provisions of the Law on International Legal Assistance in Criminal Matters ("Official Gazette of Montenegro", Nos. 4/2008, 36/2013, and 67/2019), which had an impact on rendering a proper and lawful decision.

Specifically, when issuing the aforementioned decision, the first instance court referred to Article 11 of the Law on International Legal Assistance in Criminal Matters, which prescribes the conditions for extradition upon the request of the requesting state, as well as Articles 12 and 13 of the same Law, which specify when extradition is not permitted. The court correctly determined that the legal requirements for the extradition of Kwon Do Hyeong were met, both upon the request of the Ministry of Justice of the Republic of Korea of 24 March 2023 to that state and upon the request for extradition of the same person by the Ministry of Foreign Affairs of the United States of America of 25 March 2023 to that state. Given that the statutory conditions were found to be fulfilled with respect to both requesting states, the first instance court concluded that the present case concerns a conflict of requests for extradition, to which the provisions of Article 26 of the Law on International Legal Assistance in Criminal Matters of Montenegro and Article 17 of the European Convention on Extradition apply. Assessing the conditions from the aforementioned provisions and taking into account Article X of the Convention on the Extradition of Criminals between the Kingdom of Serbia and the United States of America from 1901, which stipulates that when the same person is requested by one or more states for crimes or offenses committed within their jurisdictions, extradition shall be granted to the state whose request was first received, the first instance court allowed expedited extradition of Kwon Do Hyeong, upon the request of the Ministry of Justice of the Republic of Korea to that state, considering that the Republic of Korea was the first to submit a request for extradition, which was received by email on 24 March 2023. For these reasons, the court rejected expedited extradition of the same person upon the request of the Ministry of Foreign Affairs of the United States of America and the request for arrest for extradition of the U.S. Embassy to that state, which requests were submitted on 25 March 2023. Therefore, the rejection of the United States' request for the extradition of Kwon Do Hyeong by the first instance court was based on the fact that the Republic of Korea had also submitted a request for his extradition and did so prior to the United States of America. Thus, given the criteria set forth in Article 26 of the Law on International Legal Assistance in Criminal Matters and Article X of the Convention on the Extradition of Criminals between the Kingdom of Serbia and the United States of America of 1901, which precisely regulates this situation by requiring the application of the principle of order of receipt, as opposed to Article 17 of the European Convention on Extradition, which prescribes only formal conditions for deciding in cases of

5



multiple requests for extradition by different states, without specifying the manner in which these should be assessed or which circumstances should be given greater weight, the first-instance court rendered a decision allowing the extradition of the named person to the Republic of Korea, while rejecting the extradition of the same person to the United States of America.

The reasons indicated by the first-instance court, which are fully accepted by the second-instance court, state that the present case involves a conflict of requests for the extradition of the same person, thus applying the provisions of Article 26 of the Law on International Legal Assistance in Criminal Matters of Montenegro, Article 17 of the European Convention on Extradition, and Article X of the Convention on the Extradition of Criminals concluded between the Kingdom of Serbia and the United States of America in 1901, which prescribes that extradition should be granted to the Republic of Korea, which was the first to submit the request for extradition, i.e., that extradition to the United States of America, which later submitted its request, should be refused—are, in the opinion of this court, unacceptable.

Apecifically, Article 26 of the Law on International Legal Assistance in Criminal Matters prescribes that if extradition of a person is requested by several states for the same or different criminal offenses, when deciding on whether to grant extradition, the court shall take into account the gravity of the offenses, the place of commission, the order in which the requests were received, the nationality of the requested person, the possibility of subsequent extradition to another state, as well as other circumstances.

From the content of Articles 11, 12, 13, 15, 16, and 18 of the Law on International Legal Assistance in Criminal Matters, it follows that in extradition proceedings initiated upon requests of one or more states, after obtaining the necessary documentation, hearing the accused, and conducting necessary investigative actions, the court determines only whether the legal requirements for extradition are met. These requirements are determined for each request individually, and if the court finds that the requirements for extradition prescribed by law are met, it shall establish this by a decision in accordance with Article 20 paragraph 1 of the same Law. Only after such a final court decision on all competing requests for extradition, the Minister of Justice, in accordance with Article 22 of the same Law, renders a decision granting or refusing extradition, pursuant to the criteria provided in Article 26 of the Law on International Legal Assistance in Criminal Matters, or in accordance with Article 17 of the European Convention on Extradition, as well as any concluded bilateral treaties, while also ensuring the application of the European Convention on Human Rights and Fundamental Freedoms, especially Article 3 – prohibition of torture and inhuman or degrading treatment.

Thus, the regular extradition procedure shall be divided into two phases: proceedings before the court (Articles 16–21 of the Law on International Legal Assistance in Criminal Matters), which is mandatory, and proceedings before the Minister of Justice (Articles 22–27 of the same Law), which is subsidiary and is conducted only if the court previously establishes that the requirements for extradition are met; otherwise, the procedure shall not be pursued.

Therefore, when several states request the extradition of the same person (Article 26 of the cited Law), i.e., in a situation of competing requests for the extradition of the same person, and not a conflict of requests as determined by the lower courts, the obligation of the court is, within its competence, to determine whether the legal requirements for extradition are fulfilled with respect to each request individually, after which the competent minister, and not the court, decides on granting and the order of priority of extradition.

Furthermore, the summary procedure established by Article 29 of the cited Law is also a judicial procedure conducted before an investigative judge (Articles 16 and 18) and the judicial panel (Article 19), and it is carried out with the consent of the person whose extradition is sought. In addition to the decision allowing extradition after the panel determines that the requirements are met, in the expedited procedure, the court also renders a decision rejecting the request (Article 19 paragraph 1 of the cited Law). In the light of the above, and given that in the present case the first-instance court correctly found that, with respect to the requests of both requesting states, the legally prescribed requirements for extradition were met, which is also accepted by the appellate court, then, in the view of the Supreme Court the first-instance court could not render a decision by which it rejects extradition to one of the requesting states (as per the challenged decision), since Article 19 paragraph 1 of the same Law prescribes that a decision rejecting extradition may only be rendered if the court finds that the conditions for extradition are not fulfilled, which is not the case here.

Having regard to the foregoing, the request for the protection of legality rightly points out that, in the present case, there was no basis for the application of Article 29 of the Law on International Legal Assistance in Criminal Matters, that is, the first-instance court could not decide in expedited proceedings on the requests for extradition of Kwon Do Hyeong submitted by the requesting states—the Republic of Korea and the United States of America.

Since this court has established that in the present case there was a violation of the Law which necessarily leads to the overturing the final decision, and given the fact that Kwon Do Hyeong had given consent for extradition to both requesting states, the present request is not raised to the detriment of the named person whose extradition is sought.

Having in mind the above-mentioned violations of the Law on International Legal Assistance in Criminal Matters, the Supreme Court of Montenegro found that the request for the protection of legality is well-founded, upheld it, and amended the lower court decisions, establishing that the conditions for extradition of the above named person to the requesting states—the Republic of Korea and the United States of America—are fulfilled, while the final decision on the approval of extradition shall be made by the Minister of Justice of Montenegro, to which end the case files shall be forwarded.

In the light of the above, and pursuant to Article 443 paragraph 1 of the Criminal Procedure Code, it was decided as set forth in the operative part of the judgment.

## SUPREME COURT OF MONTENEGRO
**Date: 19 September 2024**

President of the Panel – Judge,
Seka Piletić, m.p.
/Stamp and signature/

Court Stenographer,
Darinka Kostić, m.p.

8